IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

<pre>
                                *
OTIS RICH,
                                *
     Petitioner,
                                *
          v.                        CIVIL NO.:    WDQ-11-0179
                                *   CRIMINAL NO.: WDQ-08-0411
UNITED STATES OF AMERICA,
                                *
     Respondent.
                                *
</pre>

*   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM OPINION

On January 9, 2009, Otis Rich pled guilty to conspiracy to distribute cocaine and was sentenced to 188 months imprisonment. Pending is Rich's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Court has determined that no hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, Rich's motions to vacate and stay will be denied. The government's motion to file a surreply will be granted.

I.   Background[1]

Between March 2006 and August 2008, Rich "participated in a conspiracy to distribute and possess with intent to distribute cocaine" in Baltimore, Maryland. ECF No. 145 at 8 [hereinafter "Plea Agmt."].

---

[1] The facts were agreed to by Rich and included in his December 20, 2008 Plea Agreement. ECF No. 145.

On September 11, 2008, Rich was charged in a superseding indictment with conspiring to distribute five kilograms or more of cocaine. ECF No. 33. On October 14, 2008, the United States Department of Probation and Pretrial Services completed a pre-plea criminal history investigation of Rich. ECF No. 305 Attach. 1 (sealed). On January 9, 2009, Rich pled guilty to conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, pursuant to a plea agreement. ECF No. 142; ECF No. 145; ECF No. 166 at 4:1-4.

In the plea agreement, Rich and the government stipulated that: (1) Rich distributed more than 3.5 but less than 5 kilograms of cocaine; (2) Rich was a career offender under Sentencing Guideline §4B1.1; and (3) "no other offense characteristics, sentencing guidelines factors, potential departures or adjustments . . . will be raised or are in dispute." ECF No. 145 at 4, 8. The government also agreed not to oppose a two-level downward adjustment for acceptance of responsibility and to move for an additional one-level adjustment. *Id.* at 4. The government reserved the right to oppose *any* reduction for acceptance of responsibility if Rich "fail[ed] to admit each and every item in the factual stipulation." *Id.* The parties agreed that a 188 month sentence was appropriate. *Id.*

The pre-plea criminal history report indicated that Rich had two prior Maryland convictions for possession with intent to distribute a controlled substance and one Maryland conviction for second degree assault. ECF No. 305 at 6.

Rich and his attorney, William Purpura, Esquire, signed the plea agreement. ECF No. 145 at 7, 8. Rich acknowledged that he understood and agreed to the plea agreement and did not wish to change any part of the stipulation, as the facts stipulated were true. *Id.* Purpura represented that he had reviewed the agreement with Rich, and Rich had told him that he understood and accepted the terms, and was signing the agreement voluntarily. *Id.*

At the re-arraignment and sentencing, Rich stated that he was satisfied with Purpora's representation; Purpora had not done anything Rich told him not to do or refused to do anything Rich asked him to do. ECF No. 166 at 5:12-19. The government recited the stipulated facts, including that Rich was a career offender. *Id.* at 6:9-10. Rich agreed that the terms of the agreement were correct. *Id.* at 8:6-8.

Purpura told the Court that the pre-plea criminal history investigation was substantially correct, and based on the results of that investigation and the plea agreement, the Court accepted the plea agreement recommendation and sentenced Rich to 188 months imprisonment. *Id.* at 13:18-21; 14:4-6.

Rich appealed; on October 16, 2009, the Fourth Circuit affirmed in part and dismissed in part based on Rich's knowing, voluntary waiver of his right to appeal in the plea agreement. ECF No. 238. Rich did not file a petition for certiorari. ECF No. 310 at 2.

On April 30, 2009, Rich filed petitions for three writs of error coram nobis in Maryland court, seeking orders vacating his assault and possession with intent to distribute convictions. ECF NO. 310 Attach. 3 at 3. On February 5, 2010, Circuit Court for Baltimore City Judge Hargadon denied the petitions. *Id.* Rich appealed the denial. *Id.* at 1.

On January 14, 2011, Rich deposited a motion to vacate his sentence and to stay that motion in the prison legal mailbox. ECF No. 293 Attach. 3. On January 18, 2011, the Court received and filed the motion. ECF No. 293. On June 23, 2011, the government opposed the motion. ECF No. 305. On July 14, 2011, Rich replied to the government's opposition. ECF No. 310. On August 3, 2011, the government moved for leave to file a surreply. ECF No. 311. On August 22, 2011, Rich opposed the motion to file a surreply. ECF No. 312.

II.  Discussion

A.  Timeliness

The government contends that the motion should be dismissed as untimely. ECF No. 305 at 3 n.1. Under 28 U.S.C. §

2255(f)(1), a prisoner must file his motion to vacate within one year of the date on which the conviction becomes final. A conviction becomes final for the purpose of § 2255 90 days after the Court of Appeals enters judgment, if the defendant does not file a petition for certiorari. *United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004). A *pro se* prisoner files a § 2255 motion when he "sign[s], execute[s], and deliver[s] his petition to prison authorities for mailing." *United States v. Bell*, 203 F. Supp. 2d 1287, 1291 (S.D. Ala. 2002); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998).[2]

The Fourth Circuit dismissed Rich's appeal on October 16, 2009. ECF No. 238. Accordingly, he had to file his petition by January 16, 2011. *See* 28 U.S.C. § 2255(f)(1). Rich deposited his § 2255 motion in the prison legal mailbox on January 14, 2010. ECF No. 293 Attach. 3. The petition was timely.

    B.   Ineffective Assistance of Counsel

    1.   Legal Standard

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

---

[2] *See also Houston v. Lock*, 487 U.S. 266, 270-71 (1988) (*Pro se* prisoners' filings are considered filed when delivered to prison authorities for forwarding to the court.). The government's reliance on *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) is misplaced. In that case, the Fourth Circuit held that Fed. R. Civ. P. 6(e)'s mailbox rule does not toll the § 2255 limitations period. *Rouse*, 339 F.3d at 246. *Rouse* did not discuss *Houston*.

To prove ineffective assistance, Rich must show: (1) counsel's performance was deficient and (2) the deficiency prejudiced his defense. *Id.* at 687. To show deficient performance, Rich must establish that counsel made errors so serious that the "representation fell below an objective standard of reasonableness." *Id.* at 688. To show prejudice, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

As he pled guilty, Rich must show that "'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (*quoting Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

## 2.   Rich's Career Offender Status

Rich contends that Purpura incorrectly advised him that he was a career offender, and failed to object to the pre-agreement criminal history report's conclusions at sentencing. ECF No. 310 at 5-6. He argues that (1) the government should have been required to prove the convictions despite the stipulations in the plea agreement, (2) the convictions were not predicates for Career Offender status, and (3) had his attorney advised him that the convictions were not predicates, he would not have entered the plea agreement. ECF No. 293 Attach. 1 at 3-4. As a

result, he contends that his plea was not knowing.  ECF No. 310 at 6.

After Rich stipulated that he qualified as a career offender in the plea agreement, Plea. Agmt. 4, and told the Court that he understood what he was pleading to, ECF No. 166 at 8:6-9, the government was not required to prove the predicate convictions.  Purpura was not ineffective for accepting the validity of the convictions in light of the pre-plea investigation and plea agreement.

A defendant is a career offender if he (1) was at least 18 when he committed an offense of conviction that is (2) a felony crime of violence or controlled substance offense, and (3) he has at least two prior felony convictions of a crime of violence or controlled substance offense.  U.S.S.G. §4B1.1.

A "prior felony conviction" is a "prior adult . . . conviction for an offense punishable by death or imprisonment for a term exceeding one year."  U.S.S.G. §4B1.2 (cmt. n.1). "Controlled substance offense" includes possession of a controlled substance with intent to distribute.  *Id.* §4B1.2(b). Possession with intent to distribute a controlled substance is a felony in Maryland.  Md. Code. Crim. L. § 5-607.[3]

---

[3] Rich's reliance on *United States v. White*, 231 F. App'x 301 (4th Cir. 2007) is misplaced.  In that case, the Fourth Circuit applied the Armed Career Criminals Act ("ACCA"), which defines a "serious drug offense" as a prior drug conviction with a

Rich's prior convictions included two Maryland convictions for possession with intent to distribute a controlled substance, and one for second-degree assault. ECF No. 305 at 6. The drug convictions alone made Rich a career offender, Md. Code. Crim. L. § 5-607, and the Court need not address whether the conviction for second-degree assault is a crime of violence.

Accordingly, Rich's attorney's decision not to object to the drug convictions as predicate offenses was not error. Rich is a Career Offender.

C.   Motion to Stay

Rich moves to stay the § 2255 proceedings pending the outcome of his coram nobis petitions. ECF No. 293 at 1; *id.* Attach. 3 at 1-2. The Court has discretion to grant a stay pending judicial review, and considers:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 129 S. Ct. 1749, 1756 (2009).

Rich asserts that he is likely to succeed because two of the challenged convictions were entered without his knowledge of the nature of the charges against him. However, the Circuit

---

"maximum statutory penalty of at least 10 years imprisonment." 231 F. App'x at 302. The career offender guideline considers felony controlled substance offenses. U.S.S.G. §4B1.1.

Court denied all three petitions.  ECF No. 293.  Accordingly, he has not shown a strong likelihood of success.  *Cf. Jackson v. Danberg*, 656 F.3d 157, 162-63 (3rd Cir. 2011) (no likelihood of success when relevant law did not support defendants' argument).

A defendant who succeeds in attacking an underlying con-viction in state court may apply to reopen his federal sentenc-ing.  *Johnson v. United States*, 544 U.S. 295, 304 (2005); *see also United States v. Gadsen*, 332 F.3d 224, 228 n.3 (4th Cir. 2003) (applying *Johnson* to a Guidelines enhancement).  Accord-ingly, Rich may seek relief within one year after a Maryland court vacates a predicate conviction. [4]  The "burden of re-filing and the cost associated therewith" is not an irreparable or substantial injury.  ECF No. 310 at 10; *see Noriega v. Pastrana*, No. 07-22816-PCH, 2008 WL 331394 at *3 (S.D. Fla. Jan. 31, 2008) (defendant would be injured when he would be extradited to France before appeal was resolved).

Neither party contends that the public interest strongly favors or weighs against the stay.

No factor supports granting a stay.  Accordingly, the motion to stay will be denied.

---

[4] Contrary to Rich's concern, the "fact[] supporting the claim" is not the infirmity of the prior conviction but the court's reversal of that conviction, if Rich acted diligently to obtain the state-court order vacating the predicate conviction. Accordingly, the limitations period begins to run when the state court reverses the conviction, not earlier. *Johnson*, 544 U.S at 308-10.

D.   Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotations omitted).  Denial of a COA does not prevent a petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Rich has not made a substantial showing of the denial of constitutional rights, this Court will not issue a COA.

III. Conclusion

For the reasons stated above, Rich's motion to vacate, set aside, or correct sentence will be denied.

_1/10/12_
Date

_William D. Quarles, Jr._
United States District Judge

10